UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN EVARISTO BOLANOS (A-136-205-126),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-6334 DAD CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Agustin Evaristo Bolanos (A-136-205-126), a native of Mexico who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

Petitioner entered the United States without inspection in March 2000. (ECF No. 1 at 8.) On or about June 28, 2026, petitioner was detained by immigration authorities after a traffic stop in Fort Myers, Florida. (ECF No. 1 at 5; ECF No. 5-1 at 2.) Petitioner has not been provided

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

with a hearing before a neutral decisionmaker to assess danger or flight risk. (ECF No. 1.) Petitioner has no criminal history and has never been arrested. (ECF No. 1 at 8.) Respondent does not contest petitioner's factual allegations. (See ECF No. 5.)

On August 10, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 20, 2026, respondent timely filed an answer. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises four claims in his petition: (1) financial obligations; (2) irreparable harm; (3) conditions of detention; and (4) challenges his detention as a violation of his due process rights under the Fifth Amendment. (ECF No. 1 at 6-7.) Respondent does not argue that petitioner is a flight risk or a danger to the community, and instead maintain that petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), consistent with the government's position that petitioner is an "applicant for admission." (ECF No. 5 at 1.) Further, respondent does not contend that petitioner has a criminal history. (Id.)

**A. Statutory Claim (Claim Four)**

Respondent acknowledges that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), now governs petitioner's detention, and concedes that petitioner is entitled to seek a custody redetermination hearing before an immigration judge. (ECF No. 5 at 1.) The Court interprets respondent's concession to refer to the large volume of cases in which this district court has repeatedly rejected respondent's new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal

---

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondent's arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails. Petitioner does not have a criminal history, has not been arrested, and respondent does not argue that petitioner poses a flight risk of a danger to the community. Petitioner has resided in the United States for over 26 years and was arrested by ICE in Fort Myers, Florida on June 28, 2026. Similarly situated individuals can only be detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b). Because respondent has unlawfully detained petitioner pursuant to § 1225(b), and provides no alternative detention authority to justify keeping petitioner in custody, the Court concludes that the appropriate remedy under the circumstances is to order petitioner's immediate release rather than a bond hearing. See Valencia Cardenas v. Chestnut, No. 1:26-cv-2073 DAD SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026); J.P.C. v. Chestnut, 1:26-cv-2108 DAD JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026); Garcia-Aburto v. Santacruz, No. 1:26-cv-3270 DAD CSK, 2026 WL 1480401 at *2 (May 27, 2026). Therefore, this Court recommends granting the petition and ordering petitioner's immediate release.

**B. Petitioner's Remaining Claims**

In the petition, petitioner also raises three other claims (claims one, two and three). (ECF No. 1 at 6-7.) Because the Court recommends granting the petition on the statutory claim (claim four), the Court need not address any additional claims (claims one through three) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to

address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim four.

## IV. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on claim four.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim four.
2. Respondent be ordered to IMMEDIATELY release petitioner Agustin Evaristo Bolanos (A-136-205-126) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent has custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/bola6334.2241.imm.RELEASE